IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEBRA L. GABRIEL,

    Plaintiff,

vs.

MIKE JOHANNS, SECRETARY, U.S. DEPARTMENT OF AGRICULTURE,

    Defendant.

                  No. CIV S-07-0300 LKK EFB

ORDER

/

    This case was before the undersigned on November 14, 2007, for hearing on defendant's motion to compel a Rule 35 mental examination of plaintiff. Todd Pickles appeared as defense counsel and Mary Schaefer appeared as plaintiff's counsel. For the reasons stated at the hearing and as set forth below, defendant's motion is granted.

    This action is proceeding on the amended complaint filed on May 4, 2007. Plaintiff asserts claims for employment discrimination under Title VII of the Civil Rights Act of 1964, based on race, sex, and prior EEOC activity. First Amended Complaint ("FAC"), ¶ 29. In brief, she alleges that her supervisors created a hostile work environment due to their alleged harassment and their retaliatory conduct in denying her requests to transfer to different offices. *See* FAC, ¶¶ 33-35. Although plaintiff amended her complaint to exclude an originally asserted claim for infliction of emotional distress, the amended complaint still includes all of the factual

allegations regarding that claim in support of claims of harassment and retaliation.  For example, plaintiff alleges that the "harassment and retaliation occurr[ed] over a period of several years [and] caused Plaintiff extreme emotional distress. . . ."  FAC, ¶ 33.  She further alleges that the harassing conduct was "outrageous and beyond the bounds of decency such that no reasonable person could be expected to endure it."  FAC, ¶ 35.  She alleges that the "duration of the emotional distress has been sustained for over two and a half years since 2004, and it includes shock, nervousness, humiliation, embarrassment, indignity and apprehension occurring as a result of the continuing violation of plaintiff's civil rights. . . ."  *Id.*  Plaintiff alleges she incurred damages for mental suffering, and that she will continue to suffer emotional and mental anguish and damage, and seeks general compensatory damages in the amount of $100,000.00.  FAC, ¶¶ 36, 39.

During discovery at the administrative level, plaintiff asserted that she sought and received care and medication from mental health professionals for the stress she experienced at work.

Based on these allegations defendant argues that an independent medical examination pursuant to Fed. R. Civ. P. 35(a) is appropriate.  Specifically, defendant argues that plaintiff's allegations of enduring and extreme emotional distress as a result of the alleged employment discrimination, and the fact that she sought treatment for the same, puts her mental state at issue.

Rule 35(a) provides, in relevant part:

> When the mental or physical condition . . .of a party. . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner . . . .  The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

"The 'in controversy' and 'good cause' requirements of Rule 35 . . . are not met by mere conclusory allegations of the pleadings -- nor by mere relevance to the case -- but require an

affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). "A plaintiff in a negligence action who asserts mental or physical injury. . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id*. at 119. That principle applies with equal validity here.

Although plaintiff dropped the tort claim from her amended complaint, she did not exclude any of the allegations supporting that claim. More to the point, she still presses a claim for $100,000.00 in general damages predicated on the express allegations that she incurred extreme and lasting mental and emotional suffering and that she sought treatment for emotional distress specifically caused by the alleged harassment and retaliation. Her prayer for general compensatory damages can be attributed, in large part, to those claims.

Although plaintiff alleges that she is not currently suffering emotional distress because she now works with different supervisors, she does allege that she is likely to suffer additional emotional distress in the future. FAC, ¶ 39. Whether or not an expert can discern, years after the fact, whether plaintiff was severely distressed during the alleged harassment is a question of competency and credibility that can be adequately addressed during cross-examination at trial. *See EEOC v. Grief Bros. Corp.*, 218 F.R.D. 59, 62 (W.D.N.Y. 2003). The fact that plaintiff alleges injuries for extreme distress, seeks damages and sought treatment therefor, puts her mental state in controversy. The defendant must respond to the allegations and is entitled to conduct a professional examination of plaintiff, including the taking of a careful and detailed history of her symptoms, past stressors and treatment, to determine the extent of the alleged injuries, and whether other factors may have attributed to or exacerbated them. *See Javeed v. Covenant Med. Ctr.,* Inc., 218 F.R.D. 178, 181 (N.D. Iowa 2001) (finding good cause for Rule 35(a) exam where plaintiff alleged extreme emotional distress and sought mental health care

3

therefor).

The court finds that based on the allegations of extreme and enduring emotional distress, and the evidence that plaintiff sought treatment therefor, plaintiff's mental state is in controversy and good cause exists for a Rule 35(a) examination. The examination shall consist of a one day examination by defendant's expert, and shall occur in a neutral place that is mutually agreeable to the parties.[1]

Finally, consistent with the court's comments at the hearing, defendant's request to compel production of plaintiff's medical records is not now properly before the court. Defendant has subpoenaed medical records from plaintiff's health care providers, but neither a motion to enforce or quash the subpoenas is before the court. The court therefore declines to rule on defendant's request to compel production of plaintiff's medical records, without prejudice to either party bringing an appropriate motion at a later date.

SO ORDERED.

DATED: November 19, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] At the hearing plaintiff's counsel represented that she had no objection to the examination occurring in a suitable private room at the courthouse on a floor other than those where the U.S. Attorney's office is located. Counsel for defendant shall make arrangements for such a location and coordinate the time and date with plaintiff's counsel.